# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**ADAM FRANCIS GARDNER,**<br><br>Defendant. | CASE NO. 4: 18-cr-200-YGR<br>*(and related 13-cr-446-YGR)*<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>Re: Dkt. No. 33 |

Defendant Adam Francis Gardner is currently in the custody of the Bureau of Prisons ("BOP") and incarcerated at the Federal Corrections Institute in Beaumont, Texas ("FCI Beaumont Medium"). Mr. Gardner moves for an order modifying his sentence pursuant to 18 U.S.C. section 3582(c)(1)(A). Mr. Gardner requests that the Court reduce his sentence to time served with the balance of the period of his original sentence imposed as a period of supervised release with home confinement and such other conditions as the Court deems just. The Government opposes the motion.

The Court has jurisdiction to grant the relief requested[1] and, having carefully considered the papers and evidence submitted in support of and in opposition to the motion and the reports provided by U.S. Probation, the Court **DENIES** the motion.

## DISCUSSION

On September 13, 2018, Mr Gardner pled guilty to one count of a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) (Possession with Intent to Distribute Methamphetamine). On December 13, 2018, the Court sentenced Mr. Gardner to a term of imprisonment of 77 months on this violation, to run consecutive to a sentence of 12 months for a supervised release violation in 13-cr-446-YGR, in the custody of the Bureau of Prisons ("BOP") and 4 years of supervised

---

[1] The Government concedes that the Court has jurisdiction given that 30 days have elapsed since Mr. Gardner submitted a request for compassionate release on June 28, 2020, which was denied by the warden at FCI Beaumont Medium on August 19, 2020.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    release.  (Dkt. No. 28; and Dkt. No. 110 in 13-cr-446-YGR.)  He has served less than half of his

2    sentence.

3            As amended by the First Step Act, 18 U.S.C. section 3582(c)(1)(A) provides:

4                    [T]he court, upon motion of the Bureau of Prisons, or upon motion of the
                     defendant after the defendant has fully exhausted all administrative rights

5                    to appeal a failure of the Bureau of Prisons to bring a motion on the
                     defendant's behalf or the lapse of 30 days from the receipt of such a

6                    request by the warden of the defendant's facility, whichever is earlier,
                     may reduce the term of imprisonment...after considering the factors set

7                    forth in section 3553(a) to the extent that they are applicable, if it finds
                     that –

8                    (i) extraordinary and compelling reasons warrant such a reduction . . .
                     and that such a reduction is consistent with applicable policy statements

9                    issued by the Sentencing Commission.

10   18 U.S.C. § 3582(c)(1)(A).  As the Ninth Circuit recently held, "the Sentencing Commission has

11   not yet issued a policy statement 'applicable' to 3582(c)(1)(A) motions filed by a defendant" and

12   "the Sentencing Commission's statements in U.S.S.G. § 1B1.13[2] may inform a district court's

13   discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *United*

14   *States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

15          With respect to whether an "extraordinary or compelling reason" justifies release, Mr.

16   Gardner argues that he tested positive for COVID-19 in July 2020 and his age and existing

17   medical condition of high blood pressure make him particularly vulnerable to reinfection with the

18   virus, which the federal Centers for Disease Control have acknowledged can be expected.[3]  Mr.

19   _____

20         [2]  While not binding, the Court notes that Guideline 1B1.13 states:
     a court may reduce a term of imprisonment (and may impose a term of

21   supervised release with or without conditions that does not exceed the unserved
     portion of the original term of imprisonment) if, after considering the factors set

22   forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court
     determines that—

23              (1) (A) extraordinary and compelling reasons warrant the reduction; or

24              (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30
     years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the

25   offense or offenses for which the defendant is imprisoned;

26              (2) the defendant is not a danger to the safety of any other person or to
     the community, as provided in 18 U.S.C. § 3142(g); and

27              (3) the reduction is consistent with this policy statement.
     U.S.S.G. § 1B1.13.

28         [3]  *See* Clinical Questions about COVID-19, https://www.cdc.gov/coronavirus/2019-
     ncov/hcp/faq.html  (Updated Mar. 4, 2021).

1   Gardner contends that this risk, taken together with the conditions at FCI Beaumont warrant

2   granting his motion.  The Government opposes.

3           The Court's review of the evidence here does not support finding an "extraordinary or

4   compelling reason" for Mr. Gardner's release.  Mr. Gardner is 43 years old and was infected and

5   recovered from COVID-19.  Any lingering effects appear mild at best, based on the records

6   submitted.  Further, as he appears to acknowledge, he has acquired some amount of immunity

7   from potential reinfection.  While the Court takes seriously the risk of potential variants and of

8   living in a congregate setting, these risks alone do not establish compelling reasons for a drastic

9   reduction in his sentence.

10          Further, the Court has reviewed its file in this matter thoroughly, including the Probation

11  Office's presentencing report submitted at the time of sentencing.  The Court must take into

12  account whether the defendant is a danger to the safety of any other person or to the community,

13  as provided in 18 U.S.C. section 3142(g), as well as the factors under 18 U.S.C. section 3553(a)

14  regarding sentencing in ruling on this motion.  Here, the Government and U.S. Probation

15  recommended sentences in orders of magnitude greater than that imposed upon Mr. Gardner,

16  based upon his offenses, his lengthy criminal history including violent crimes, and his career

17  offender status.  (*See* Dkt. Nos. 22 (Presentencing Investigation Report), 23 (U.S. Sentencing

18  Memorandum).)  His offense in the present case was committed during a term of supervised

19  release for a conspiracy felon-in-possession conviction.  The law and the specific facts of this case

20  weigh against grant of this motion.

21          For the foregoing reasons, defendant's motion for compassionate release is **DENIED**.

22          This Order terminates Docket No. 33.

23          **IT IS SO ORDERED.**

24  Dated:  May 3, 2021

25                                                                    **YVONNE GONZALEZ ROGERS**
                                                                      **UNITED STATES DISTRICT JUDGE**

26

27

28

United States District Court
Northern District of California